UNITED STATES of America, Plaintiff—Appellee,

v.

**Michael Ted ANDERSON, Defendant— Appellant.**

No. 06–30345.

United States Court of Appeals, Ninth Circuit.

---

Submitted May 7, 2007.*

Filed May 14, 2007.

Wendy Olson, Alan G. Burrow, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Dennis A. Benjamin, Esq., Nevin Benjamin & McKay, LLP, Boise, ID, for Defendant–Appellant.

Before: HUG, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Appellant Michael Anderson ("Anderson") was convicted of one count of using a facility of interstate commerce to knowingly persuade, induce, entice, or coerce a minor to engage in sexual activity pursuant to 18 U.S.C. § 2422(b). On appeal, Anderson's sole argument is that the district court abused its discretion in allowing evidence of an Internet chat he engaged in with another minor to be admitted because that conversation served no proper purpose under Federal Rule of Evidence 404(b). We now affirm Anderson's conviction.

We hold that the district court did not abuse its discretion in admitting the other conversation because the other conversation satisfied Rule 404(b)'s materiality, timeliness, sufficiency, and similarity requirements for admission. *United States v. Romero*, 282 F.3d 683, 688 (9th Cir.

2002); Fed R. Evid. 404(b). Furthermore, the probative value of the other conversation was not substantially outweighed by the danger of unfair prejudice because the district court provided a limiting instruction to the jury. Fed.R.Evid. 403; *Romero*, 282 F.3d at 688; *United States v. Dhingra*, 371 F.3d 557, 566–67 (9th Cir. 2004) (as amended).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

